UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

98 SEP 22 PM 4:02

AMPARO CAMPOS, HECTOR CORELLA,
ANGELA RODRIGUEZ, JOSEFINA
LOPEZ, JUANA QUINTERO, SOFIA
PARDO and AURA CONSUEGRA, on
behalf of themselves and all
others similarly situated,

    Plaintiffs,

vs.

IMMIGRATION AND NATURALIZATION
SERVICE; DORIS MEISSNER,
Commissioner, Immigration and
Naturalization Service; ROBERT
WALLIS, District Director,
Immigration and Naturalization
Service, Miami; and ELAINE
WATSON, Director, Naturaliza-
tion Unit, Immigration and
Naturalization Service, Miami

    Defendants.

Case No. 98-2231 CIV-GOLD
MAGISTRATE JUDGE TURNOFF

PLAINTIFFS' EMERGENCY
MOTION FOR A TEMPORARY
RESTRAINING ORDER AND/OR
PRELIMINARY INJUNCTION

And

REQUEST FOR AN IMMEDIATE
EMERGENCY HEARING

    Plaintiffs, through undersigned counsel, hereby move this Court, pursuant to Rule 65 of the Federal Rules of Civil Procedure and Local Rule 5.1, for an immediate hearing and a temporary restraining order (TRO) and for a preliminary injunction following an evidentiary hearing prohibiting defendants from denying plaintiffs Angela Rodriquez and Josefina Lopez United States citizenship at the interviews scheduled for September 25 and 28, 1998, respectively, on the basis that plaintiffs Rodriguez and Lopez cannot satisfy the English and Civics requirements of the Immigration and Naturalization Act. In support of this Motion, plaintiffs state:

Angela Rodriguez

1. Plaintiff Angela Rodriguez immigrated to this country from Cuba in 1992 and was granted permanent legal residency. She wished very much to become a citizen of the United States, and as soon as she completed the required five years of legal residency, in 1997, she applied to become a U.S. citizen.

2. By 1997 when she applied for citizenship Angela Rodriguez had some severe disabilities that made it impossible for her to learn the English language and pass a civics examination. At that time she suffered from organic brain syndrome and arterial hypertension, which cause memory loss, poor concentration and a decline in her mental functioning. She continues to suffer from these progressive ailments, which have grown worse.

3. Angela Rodriguez was scheduled for her naturalization interview in June 1998. Because of the disabilities which prevent her from learning English and passing the civics exam, Ms. Rodriguez brought an INS N-648 form to that interview to request a waiver of the English and civics requirements. It was filled out by Angela's regular treating doctor, Dr. Miguel A. Mier. A copy of this form is attached to this Motion as Exhibit B. Dr. Mier stated on the form that:

> Ms. Angela Rodriguez has been my patient for approximately three years. She is an elderly 78 year-old woman who is suffering from a difficult combination of ailments including Organic Brain Syndrome (Diagnosis 310.9), and Arterial Hypertension (401.9). Her conditions are complicated by a recent Right Hip Operation and deteriorating general health associated with the normal aging process.....

> The complex combination of ailments above described have resulted in a progressive deterioration of her cognitive functions with a decline in functional level[,] poor memory and poor concentration. Although she is aware of her surroundings and is still able to express herself with limited clarity, she requires constant supervision and is unable to care for herself. Under these condition[s], this patient's potential for learning complicated new material such as a new language and/or replying to an interrogatory in a foreign language are practically nil....
>
> **Based on the above, it is my professional Medical opinion, that Angela Rodriguez is unable to learn even basic English, let alone U.S. Civics of history, and that it is no fault of her own that she can not comprehend an examination to demonstrate basic knowledge of the English language.**

(Emphasis supplied).

4.  In addition to Dr. Mier's certification on the June N-648 form that is described above, Dr. Mier gave his medical license number as requested on the form and also gave all the other required information, including his certification that the conditions described above are permanent and not caused by use of illegal drugs. Dr. Mier further explained on the form that he was Angela Rodriguez' treating doctor and is a board-certified family practitioner specializing in geriatrics.

5.  Despite all this information, at her June interview the INS officer gave Ms. Rodriguez a form letter stating that defendants would not accept her N-648. Every possible reason for rejecting the N-648 was checked off on that form letter. A copy of this form letter is attached as Exhibit C.

6.  Included among the listed deficiencies were: 1) "Identify the applicant on the medical certification," when, in fact, Ms. Rodriguez' full name, alien number and social security number

3

were on the certification; 2) "Identify the condition clearly and how it is related to her capacity to learn," when, in fact, this information already appeared on the form; and 3) "Establish your qualifications to make this medical certification," when, in fact, all this information already appeared on the N-648 form. The form letter instructed Ms. Rodriguez to present a properly prepared N-648 with the missing information to the defendants by August 5, 1998.

7. The notice given by the INS to Ms. Rodriguez concerning her N-648 form was completely insufficient. It provided no information to Ms. Rodriguez or her doctor concerning actual deficiencies and no information concerning what the INS required to meet its expectations. Nonetheless, because Ms. Rodriguez wanted to become a U.S. citizen, she went back to Dr. Mier, who completed another N-648 form. Ms. Rodriguez submitted this form to the INS in July 1998. It is attached as Exhibit D. This N-648 form, like the prior N-648 form, satisfies the criteria required by INS for granting a medical exception to the English and civics portion of the examination.

8. In response to her last submission, the INS sent Angela Rodriguez a letter dated August 25, 1998. The letter stated: "Your application for naturalization and request for medical exception has been reviewed and the **medical exception has not been accepted.** You will be required to satisfy the English and Civics requirements of the INA. You are required to return for

4

an examination on your application for naturalization." A copy of this letter is attached as Exhibit E.

9. At no time have the defendants attempted to contact Dr. Mier to answer any questions the defendants or their officers may have regarding Ms. Rodriguez' condition, nor have they had Ms. Rodriguez examined by an INS medical doctor or clinical psychologist. Never have the defendants provided Ms. Rodriguez or her family with a meaningful notice of the basis for her rejection, the standards employed or the means to cure the deficiencies.

10. Ms. Rodriguez requested that the September 17, 1998 interview be rescheduled. This request was granted and she is currently scheduled for an interview and examination on September 25, 1998. In connection with that interview, she received another letter from defendants dated September 14, 1998 with the same statement as the one set forth at ¶8 above.

11. This is Ms. Rodriguez' last interview. She will not be able to pass the English and Civics requirements of the INA due to her disabilities. Therefore, at that interview she will receive a final denial of her 1997 application for citizenship.

12. Ms. Rodriguez will be irreparably injured by the denial of her application for U.S. citizenship on September 25 and she has no remedy at law for this injury.

13. She will lose the opportunity to vote, to file visa petitions for immediate relatives as a U.S. citizen, and to otherwise fully participate in life as a United States citizen

despite being qualified to do so and having met all the requirements of the INA.

14. In addition, Ms. Rodriguez is 78 years old and in poor health. She may not survive long enough to reapply for citizenship and await the processing of her new application or the processing of any request for appeal on her current application. Both those processes take approximately two years and ultimately are decided by the same INS staff in the Miami District office as those individuals who have already twice denied Ms. Rodriguez' request for a medical waiver. She therefore has no opportunity to obtain a meaningful review of her application once it has been denied.

15. Moreover, both the appeal process and the reapplication process require fees that are roughly equivalent to one quarter of Ms. Rodriguez' meager $494 monthly income. She cannot afford these fees and there is virtually no possibility that the defendants will waive them.

Josefina Lopez

16. Plaintiff Josefina Lopez is an 84 year old legal permanent resident from Cuba who applied for citizenship in March, 1997.

17. Ms. Lopez suffers from a number of complicated cardiac and circulatory insufficiency abnormalities, including aggressive cardiac arrhythmia, arterial fibrillation and a malady known as sick sinus syndrome (which affects the sinus node of the heart that regulates the rate and strength of the heart's contrac-

6

tions). These are very severe circulatory abnormalities which affect normal blood flow to all parts of the body, including major organs and the brain.

18. These conditions, the restrictions on her brain's blood supply and the medications she must take daily in order to survive with these illnesses cause her to be prone to lethargy and syncopal episodes with marked diminution of her cognitive functions, reasoning ability, judgment and memory. Based on these disabilities and the doctor-prescribed treatment for them she is unable to learn written or spoken English.

19. On August 25, 1998 Ms. Lopez reported to defendants for her first citizenship interview. She turned in to defendants' examining officer a properly prepared and executed form N-648. A copy is attached as Exhibit F. The form was prepared by her treating physician, who is board-certified in internal medicine. He certified that she suffered from the conditions described above and that they prevent her from learning English.

20. Defendants' officer who examined Ms. Lopez spoke to her in Spanish and she answered his questions. He then took her N-648 form away with him and returned after about ten minutes. He informed Ms. Lopez that her N-648 had been rejected and that she would have to return with an additional N-648 that provided an "accurate assessment" of her disability. He gave her a form letter that had this item checked off. A copy is attached as Exhibit G.

21. Ms. Lopez is extremely confused by this notice. She does not know how to provide any more information that will satisfy defendants' requirements for a disability waiver.

22. Defendants have now scheduled Ms. Lopez for a final interview on September 28. Defendants have mailed her a notice that states her "application for naturalization and request for medical exception has been reviewed and the **medical exception has not been accepted**. You will be required to satisfy the English and Civics requirements of the INA." A copy is attached as Exhibit H.

23. At no time have the defendants attempted to contact Ms. Lopez' doctor to answer any questions the defendants or their officers may have regarding her condition, nor have they had her examined by an INS medical doctor or clinical psychologist. Never have the defendants provided Ms. Lopez or her family with a meaningful notice of the basis for her rejection, the standards employed or the means to cure the deficiencies.

24. Ms. Lopez understands that this is her last interview. She will not be able to pass the English and Civics requirements of the INA due to her disabilities. Therefore, at that interview she will receive a final denial of her application for United States citizenship.

25. Ms. Lopez will be irreparably injured by the denial of her application for U.S. citizenship on September 28 and she has no remedy at law for this injury.

26. She will lose the opportunity to vote, to file visa petitions for immediate relatives as a U.S. citizen, and to otherwise fully participate in life as a United States citizen despite being qualified to do so and having met all the requirements of the INA.

27. In addition, Ms. Lopez is 84 years old and in poor health. She may not survive long enough to reapply for citizenship and await the processing of her new application or the processing of any request for appeal on her current application. Both those processes take approximately two years and ultimately are decided by the same INS staff in the Miami District office as those individuals who have already denied Ms. Lopez' request for a medical waiver. She therefore has no opportunity to obtain a meaningful review of her application once it has been denied.

28. Moreover, both the appeal process and the reapplication process require fees that are beyond Ms. Lopez' means. She cannot afford these fees and there is virtually no possibility that the defendants will waive them.

29. Plaintiffs are entitled to an opportunity to prove at a hearing on the merits that defendants' policy, practice and procedure in the Miami District office of the INS in rejecting and denying properly completed N-648 Requests for Medical Waiver, and in doing so without providing applicants any meaningful notice of the basis for the rejection, the standards employed or the means to cure the deficiencies violate plaintiffs' rights as guaranteed by 8 U.S.C. § 1423(b)(1), 8 C.F.R. §§ 312.1 and 312.2,

5 U.S.C. § 701 et seq., 5 U.S.C. § 552, 5 U.S.C. §553, 5 U.S.C. § 555(e) and the Fifth Amendment to the United States Constitution.

30.  This application is made because, for plaintiffs Rodriguez and Lopez, it is necessary to preserve the status quo pending resolution of this action.  Once their naturalization applications are denied on September 25 and 28 they will be irreparably injured.  A restraining order and later preliminary injunction are necessary to preserve the Court's flexibility to award appropriate relief.

31.  Absent injunctive relief, plaintiffs Rodriguez and Lopez will suffer irreparable injury, there is a substantial likelihood that plaintiffs will ultimately prevail on the merits, and there is a greater injustice to plaintiffs if the injunction is denied than harm to defendants if it is granted.  Additionally, granting the requested relief will not disserve the public interest.

32.  In support of this Emergency Motion, plaintiffs have contemporaneously filed a Memorandum of Law, the Declaration of Iris Pulido, the sister of Angela Rodriguez, which is attached hereto as Exhibit A, documents related to Ms. Rodriguez' medical waiver request attached hereto as Exhibits B through E, the Declaration Josefina Lopez, Exhibit I, and documents related to her medical waiver request as Exhibits F through H, and the Declarations of Plaintiffs Amparo Campos, Hector Corrella (son), Juana Quintero and Aura Consuegra as Exhibits J through M.

33.  A proposed order is attached hereto.

34. Plaintiffs request that the security requirement of Rule 65(c) be waived based on the nature of the relief sought and the indigence of the plaintiffs.

35. Plaintiffs further request that an immediate hearing be held this date on their request for a temporary restraining order to prevent imminent irreparable harm to plaintiff Rodriguez, to be followed by an evidentiary preliminary injunction hearing.

36. Prior to burdening the Court's resources with this Motion, counsel for plaintiffs attempted to resolve this matter by telephoning the office of the United States Attorney on September 22, 1998.

37. The U.S. Attorney's Office referred plaintiffs' counsel to Janice Neetenbeek, Attorney for the INS Miami District. Ms. Neetenbeek has not responded to plaintiffs' request.

38. Notice that an emergency hearing will be sought has been given to Janice Neetenbeek, Attorney for the INS Miami District.

WHEREFORE plaintiffs respectfully request that this Court:

1. Waive the security requirement of Rule 65(c) and hold an immediate hearing and issue a temporary restraining order (TRO) prohibiting defendants from a) denying plaintiff Angela Rodriquez United States citizenship at the interview scheduled for September 25, 1998 on the basis that she cannot she cannot satisfy the English and Civics requirements of the Immigration and Naturalization Act; and b) denying plaintiff Josefina Lopez United States citizenship at the interview scheduled for September 28,

1998 on the basis that she cannot she cannot satisfy the English and Civics requirements of the Immigration and Naturalization Act; and

    2. Set down for an evidentiary hearing Plaintiffs' Motion for a Preliminary Injunction, and that a Preliminary Injunction prohibiting defendants from proceeding with processing plaintiffs' request for a medical exception under defendants' unlawful practice, policy and procedure issue following that hearing.

                                    Respectfully submitted,

                                    JoNel Newman, Esq.
                                    Randall C. Berg, Jr., Esq.
                                    Peter M. Siegel, Esq.

                                    Florida Justice Institute, Inc.
                                    2870 First Union Financial Center
                                    200 South Biscayne Boulevard
                                    Miami, Florida 33131-2309
                                    (305) 358-2081
                                    (305) 358-0910 - FAX

                                    Charles F. Elsesser, Jr., Esq.

                                    Florida Legal Services, Inc.
                                    3000 Biscayne Blvd., Suite 450
                                    Miami, Florida 33137
                                    (305) 573-0092
                                    (305) 576-9664 - FAX

                                    Cheryl Little, Esq.
                                    Joan Friedland, Esq.
                                    Lisette Losada, Esq.

                                    Florida Immigrant Advocacy Center
                                    3000 Biscayne Blvd., Suite 400
                                    Miami, Florida 33137
                                    (305) 576-6273
                                    (305) 576-6273 - FAX

                                    Attorneys for Plaintiffs

By: _____
JoNel Newman
Florida Bar No. 0112320

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that a true and correct copy of the foregoing was served upon the Defendants with the summons and complaint in this matter.

By: _____
JoNel Newman, Esq.
Florida Bar No. 0112320