UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

99 FEB 12 PM 4: 19

| | |
|---|---|
| AMPARO CAMPOS, et al., | Case No. 98-2231-CIV-GOLD |
| Plaintiffs, | Magistrate Judge Turnoff |
| vs. | |
| IMMIGRATION AND NATURAL-IZATION SERVICE; et al., | PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT With REQUEST FOR PERMANENT INJUNCTIVE AND DECLARATORY RELIEF |
| Defendants. | |

## MOTION FOR SUMMARY JUDGMENT

Pursuant to Federal Rule of Civil Procedure 56, the plaintiffs request that this Court enter Summary Judgment in their favor as to their claims that defendants have violated the Administrative Procedures Act, the Freedom of Information Act, the Due Process Clause of the Fifth Amendment, § 504 of the Rehabilitation Act and the Immigration and Nationality Act. Plaintiffs submit that there are no genuine issues of material fact as to these claims and that they are entitled to the entry of a judgment in their favor as a matter of law. In support of this Motion, plaintiffs submit separately their Statement of Undisputed Material Facts, their Memorandum of Law, and documentary evidence by Notice of Filing.

## RELIEF REQUESTED

Plaintiffs request that in accordance with the entry of summary judgment in their favor, this Court issue a permanent injunction compelling defendants and their agents and employees to:

a.  Evaluate all pending and future requests by members of the plaintiff class for medical waivers of the English and/or Civics portion of the naturalization examination (hereafter

"medical waivers") by utilizing, in addition to all other applicable criteria, the standards set forth hereafter in this order;

b.  Reevaluate all requests by members of the plaintiff class for medical waivers which have been denied at any time since March 19, 1997 by utilizing, in addition to all other applicable criteria, the standards set forth hereafter in this order;

c.  Cease and desist from utilizing with respect to members of the plaintiff class any standards for the evaluation of medical waivers which have not been subjected to the notice and comment procedures of the Administrative Procedures Act, 5 U.S.C.§ 553 et seq., and which have not been made public pursuant to the Freedom of Information Act, 5 U.S.C.§ 552, including specifically the following:

(1)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by old age;

(2)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by depression;

d.  Cease and desist from denying medical waiver applications of members of the plaintiff class without complying fully with the applicable regulations, 8 C.F.R. § 312.1 et seq. and implementing policies, and specifically ceasing and desisting from the following practices:

(1)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by old age;

(2)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by depression;

(3)  Denying a request for medical waiver after "second guessing" the medical

2

determinations of the certifying medical professionals;

(4) Denying a request for medical waiver without:

    (i) speaking with the medical professional who completed the form N-648 request for medical waiver to answer any questions the reviewing INS officer may have;

    (ii) contacting another state or federal government agency which had declared the applicant disabled to clarify any questions which the INS officer may have concerning the applicant's disability;

    (iii) without requesting a medical waiver examination by a medical professional on behalf of INS.

e. Cease and desist from denying medical waiver applications of the plaintiff class without providing notice of the reasons for the rejection of the medical waiver sufficient to allow the applicant and/or the medical professional to understand the bases for the rejection and, if possible, to respond to, or correct, the deficiencies;

f. Cease and desist from denying medical waiver requests by members of the plaintiff class based upon standards that do not comply with § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, including specifically:

(1) Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by old age;

(2) Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by depression;

g. Publishing in the Federal Register and subjecting to the notice and comment

procedures of 5 U.S.C.§ 553 et seq. all uniform standards utilized by the staff of the Miami District Office in evaluating the sufficiency of requests for medical waivers of the English and Civics portion of the naturalization examinations;

Plaintiffs further request that this Court order and declare pursuant to 28 U.S.C. §§ 2201 and 2202 and Fed. R. Civ. P. 57 and 65:

a.  That the practices of the Miami District Office as described hereafter violate the Administrative Procedures Act, 5 U.S.C.§ 553 et seq., in that they are substantive rules which have not been subjected to the notice and comment provisions of that Act, and further violate the Freedom of Information Act 5 U.S.C.§ 552 in that they have been utilized against members of the plaintiff class without complying with the provisions of that section, specifically:

    (1)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by old age;

    (2)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by depression;

b.  That the practices of the Miami District Office as described hereafter violate the Immigration and Nationality Act and the applicable regulations in that they do not comply with the applicable regulations, 8 C.F.R. § 312.1 et seq. and implementing policies, specifically:

    (1)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by old age;

    (2)  Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by depression;

      (3)     Denying a request for medical waiver after "second guessing" the medical determinations of the certifying medical professionals;

      (4)     Denying a request for medical waiver without:

            (i)     speaking with the medical professional who completed the form N-648 request for medical waiver to answer any questions the reviewing INS officer may have;

            (ii)    contacting another state or federal government agency which had declared the applicant disabled to clarify any questions which the INS officer may have concerning the applicant's disability;

            (iii)   without requesting a medical waiver examination by a medical professional on behalf of INS.

    c.     That the practice of the Miami District Office in denying medical waiver applications of the plaintiff class without providing notice of the reasons for the rejection of the medical waiver sufficient to allow the applicant and/or the medical professional to understand the bases for the rejection and, if possible, to respond to, or correct, the deficiencies violates the due process clause of the Fifth Amendment of the United States Constitution and the Administrative Procedures Act, 5 U.S.C.§ 555(e).

    d.     That the practices of the Miami District Office in denying requests by members of the plaintiff class for medical waivers do not comply with § 504 of the Rehabilitation Act of 1973, 29 U.S.C.§ 794 et seq., including specifically:

      (1)     Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by old age;

(2) Denying a request for medical waiver because it is based on a disability which is related to, associated with, caused by or exacerbated by depression.

Respectfully submitted,

JoNel Newman, Esq.
Peter M. Siegel, Esq.
Randall C. Berg, Jr., Esq.

Florida Justice Institute, Inc.
200 South Biscayne Boulevard, #2870
Miami, Florida 33131-2309
(305) 358-2081
(305) 358-0910 - facsimile

Charles F. Elsesser, Jr., Esq.

Florida Legal Services
3000 Biscayne Blvd.
Miami, FL 33137
(305) 573-0092
(305) 576-9664 - facsimile

Joan Friedland, Esq.
Cheryl Little, Esq.
Lisette Losada, Esq.

Florida Immigrant Advocacy Center
3000 Biscayne Blvd.
Miami, FL 33137
(305) 573-1106
(305) 576-6273 - facsimile

Attorneys for Plaintiffs

By: /s/ JoNel Newman, Esq.
Florida Bar No. 0112320

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed to Dexter A. Lee, Assistant U.S. Attorney, 99 N.E. 4th Street, Miami, FL 33131 and Teresa Wallbaum, Office of Immigration Litigation, U.S. Department of Justice, P.O. Box 878, Ben Franklin Station, Washington, D.C. 20044 on this 12th day of February, 1999.

By: JoNel Newman, Esq.
Florida Bar No. 0112320