UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 98-2231-CIV-GOLD

AMPARO CAMPOS, et al.,

    Plaintiffs,

vs.

IMMIGRATION AND
NATURALIZATION SERVICE,
et al.,

    Defendants.
_____/



**ORDER GRANTING MOTION FOR CLASS CERTIFICATION**

    The plaintiffs are poor, disabled, legal permanent residents of the United States who allege that they have applied for naturalization but because of a physical or developmental disability or mental impairment, they are unable to learn basic English and the fundamentals of United States history and government so as to pass the English and Civics portion of the naturalization exam.

    Plaintiffs claim that the defendants engage in the following district-wide practices: (1) they refuse to evaluate requests for medical waivers as required by statute or INS regulations and guidelines; (2) they evaluate all applications for medical waivers in a standardless, totally arbitrary and capricious manner; and (3) they refuse to inform class members of the basis for the denial of their requests or even the standards used to deny them. The plaintiffs, on behalf of themselves and all others similarly situated, ask the court to enjoin the defendants from engaging in the alleged illegal policies and practices and require them to consider the class members' requests for waiver pursuant to legal and constitutional standards and procedures.



Plaintiffs seek class certification pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b)(2).

## I. CLASS ACTION CERTIFICATION

To qualify as a class under Rule 23 of the Federal Rules of Civil Procedure, the plaintiffs must initially satisfy the four thresholds requirements of Rule 23(a): (1) the class must be so numerous that joinder of all members is impracticable (numerosity); (2) questions of law or fact common to the class must exist (commonality); (3) the claims or defenses of the representative parties must be typical of the claims or defenses of the class (typicality); and (4) the representative parties must fairly and adequately protect the interests of the class (adequacy of representation). Plaintiffs seeking to represent the class bear the burden of establishing that all four requirements have been met. *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 721 n.2 (11th Cir. 1987); *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984) (A class action may only be certified "if the Court is satisfied, after a rigorous analysis, that the prerequisites of Fed.R.Civ.P. 23(a) are met"). These prerequisites are mandatory and the failure to establish any one is fatal to a motion for class action certification.

In addition to meeting the four preliminary requirements in subdivision (a), the plaintiffs must then satisfy one of the subsections of Fed.R.Civ.P. 23(b) in order for the lawsuit to be maintained as a class action. The plaintiffs assert that they satisfy Rule 23(b)(2). A class action may be maintained under (b)(2) when "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Fed.R.Civ.P. 23(b)(2).

It is axiomatic that in order for a class to be certified, a class must exist. To ensure that the class is neither so amorphous or imprecise that it is difficult to determine whether a particular individual is a member of the class, the class description must be adequately specific. *See Ford v. United States Steel Corp.*, 638 F.2d 753, 756 (5th Cir. 1981). The question of whether a class exists is a question of fact which ought to be determined on the basis of the circumstances of the case. *Barlow v. Marion County Hosp. Dist.*, 88 F.R.D. 619, 622 (M.D. Fla. 1980). In this case, the putative class consists of the following persons.

> All persons within the Miami District of the Immigration and Naturalization Service who have properly applied, or will apply in the future, for naturalization under 8 U.S.C. § 1445 who have also had pending at any time since March 19, 1997, a request for a waiver of either or both of the naturalization requirements that they demonstrate an understanding of the English language and that they demonstrate a knowledge and understanding of the fundamentals of the history, and of the principles and form of government of the United States, because of a medically determinable physical or mental impairment and whose request for waiver is now pending, will be filed in the future, or has been rejected by the INS, and excluding from the class anyone who has been naturalized.

That court finds that this definition is sufficiently precise to make positive identification of its membership at any given moment administratively feasible. See *DeBremaecker v. Short*, 433 F.2d 733, 734 (5th Cir.1970).

## A. CERTIFICATION UNDER RULE 23(a).

The defendants concede that the plaintiffs have met two of the four prerequisites of Rule 23(a): numerosity and adequacy of representation. The court agrees that the plaintiffs have

demonstrated that the proposed class is so numerous that joinder of all members is impracticable[1] and that the class representatives will fairly and adequately protect the interests of the class. Accordingly, the court will focus on the commonality and typicality requirements.

### 1. COMMONALITY

The commonality and typicality requirements of Rule 23(a) tend to merge. Both serve as guideposts for determining whether, under the particular circumstances, maintenance of a class action is economical and whether the named plaintiffs' claims and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. *General Telephone Co. of Southwest v. Falcon*, 102 S.Ct. 2364, n. 13 (1982). Commonality requires that there is at least one issue affecting all or a significant number of proposed class members. *Stewart v. Winter*, 669 F.2d 328 (5th Cir. 1982);[2] *Kreuzfeld v. Carnehammar*, 138 F.R.D. 594, 599 (S.D.Fla. 1991). The threshold for commonality is not high. *Forbush v. J.C. Penny Co., Inc.*, 994 F.2d 1101, 1106 (5th Cir. 1990). Factual differences between class members do not preclude a finding of commonality. *CV Reit, Inc. v. Levy*, 144 F.R.D. 690, 696 (S.D. Fla. 1992); *see also Walco Invests. Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D.Fla.1996)(not all of the questions of law or fact raised by the case have to be common to all the plaintiffs). The law requires only that the claims

---

[1] Through discovery, the plaintiffs have estimated that over 3,000 persons would fall within the class definition. For example, in response to a request for production, the INS estimated that since March 1997, the Miami Office received approximately 6,000 waiver requests.

[2] The Eleventh Circuit in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1982)(en banc) adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1982.

actually litigated in the lawsuit must be those fairly represented by the named plaintiffs. *Cox*, 784 F.2d at 1557 (citing C. Wright & A. Miller *Federal Practice & Procedure*, § 763 at 603); see also *Johnson v. American Credit Co. of Georgia*, 581 F.2d 526, 532 (5th Cir. 1978). Where a common scheme is alleged, common questions of law or fact will exist. *See Green v. Wolf Corp*, 406 F.2d 291, 298 (2nd Cir. 1968); *Powers v. Stuart-James Co., Inc.*, 707 F. Supp. 499, 502 (M.D. Fla. 1989); *Haitian Refugee Center, Inc. v. Nelson,* 694 F. Supp. 864, 877 (S.D. Fla. 1988).

In this case the plaintiffs seek declaratory and injunctive relief with respect to the class as a whole. They do not challenge their individual determinations. Rather, they challenge the policies and practices which the defendants use to analyze, process and determine all medical waiver requests in the Miami District. Class actions seeking injunctive relief against specific INS policies and procedures are not unusual. To the contrary, courts have held that actions for declaratory and injunctive relief which challenge the general administration of an INS program are the very type of lawsuit contemplated by Rule 23(a). When a group of Nicaraguan refugees challenged the legality of the criteria being utilized by the INS in deportation cases, the court found that the commonality requirement for class certification had been met.

> The Court is also satisfied that there is a predominantly common interest and the requirements of "commonality" and "typicality" are satisfied. The complaint raises class wide issues that are not directed to individual plaintiffs. Plaintiffs also challenge the manner in which the INS is administering its suspension program generally against Nicaraguan refugees, rather than challenging individual INS decisions. The issues raised in the complaint are precisely the type of common issues that Rule 23 envisions as properly subject to class action treatment.

*Tefel v. Reno*, 972 F. Supp. 608, 618 (S.D. Fla. 1997).

As in *Tefel,* the complaint in this case challenges specific policies and practices used district

wide in the Miami District.[3] The class shares common questions of law as to whether these specific

---

[3]   The specific actions challenged by the plaintiffs include the following INS practices:

    a. Reject and deny properly completed N-648 Requests for Medical Waiver by "second guessing" the medical determination of the medical professional and substituting their own medical determination for the medical determination of the medical professional, without having the applicant evaluated by an INS medical doctor or clinical psychologist;

    b. Reject and deny properly completed N-648 Requests for Medical Waiver despite a completed attestation by a medical professional as to "the origin, nature and extent of the medical condition as it relates to the disability exceptions";

    c. Reject and deny properly completed N-648 Requests for Medical Waiver based on questions which they have regarding the N-648:

        (i) without attempting to reach the medical professional who completed the N-648 to answer any questions the DAO may have regarding the certification;

        (ii) for applicants who have been declared disabled by another state or federal government agency, without attempting to make contact with the agency to see if any information can be gained to clarify the questions which the officer has about the medical professional's certification;

        (iii) without ever requesting from the medical professional who made the original disability certification a production of supplemental records from the applicant's medical files;

        (iv) without ever requesting at any time a second N-648 from an "authorized medical professional other than the medical professional that completed the first certification;"

        (v) without ever having the applicant evaluated at any time by an INS medical doctor or clinical psychologist.

    d. Reject and deny properly completed N-648 Requests for Medical Waiver utilizing wholly arbitrary and capricious standards which vary from officer to officer, from supervisor to supervisor, and from determination to determination;

    e. Reject and deny properly completed N-648 Requests for Medical Waiver based on secret standards which have never been published in the Federal Register and which they refuse to provide to the public;

    f. Reject and deny properly completed N-648 Requests for Medical Waiver without ever providing the rejected applicants with a meaningful notice of the basis for the rejection, the standards employed or the means to cure the deficiencies.

Class Action Complaint, ¶ 30.

practices and policies in the Miami District for evaluating requests for medical waivers violate the Immigration and Nationality Act, the Administrative Procedures Act, the Freedom of Information Act, or the Fifth Amendment. Because all of the plaintiffs have applied for a medical waiver and have had their request rejected based same district-wide practices and procedures, material factual and legal questions are shared by each member of the class. Additionally, before moving for class certification, the plaintiffs conducted discovery and have provided initial supporting evidence showing that the allegedly illegal common policies and practices exist and that they have been applied to all members of the plaintiff class. That these common policies and practices may have affected individual class member's cases differently does not preclude a finding of commonality. In *Haitian Refugee Center, Inc. v. Nelson,* 694 F.Supp. 864 (S.D.Fla. 1988), the court found commonality and typicality based on allegations almost identical to those in the present case.

> It must be noted that [commonality] does not require that all of the questions of law and/or fact be common to all the plaintiffs. *Johnson v. American Credit Co. of Georgia*, 581 F.2d 526, 532 (5th Cir. 1978)...Class actions seeking injunctive or declaratory relief-As in the instant case-by their very nature present common questions of law or fact. [Citation omitted.] Commonality also exists when plaintiffs allege that a defendant has acted or is acting uniformly regarding a class. *Haitian Refugee Center v. Smith*, 676 F.2d at 1033. The class of plaintiffs in this case allege that they were denied temporary residence status because the defendants imposed an illegal burden of proof that the applicants were unable to meet. Such an allegation is sufficient to meet the commonality and typicality requirements of Rule 23(a)(2) and (3). *See Cox v. American Cast Iron Pipe Co.*, 784 F.2d 1546, 1557 (11th Cir. 1986).

*Id.*, at 871. *See also, Campos v. Nail,* 940 F.2d 495 (9th Cir. 1991)(class of Salvadoran and Guatemalan immigrants was permitted to challenge the pattern and practice of one Immigration Law Judge who consistently denied all requests for change of venue made by asylum seekers); *Fernandez Roque v. Smith,* 91 F.R.D. 117 (N.D. Ga. 1981)(despite factual differences in the

individual cases, court certified a class of Cuban nationals who were denied parole and who were challenging system-wide parole procedures of INS); *Haitian Refugee Center v. Smith*, 676 F.2d 1023, 1026 (11th Cir. 1982)(class of more than 4,000 Haitians who had sought political asylum in the United States were permitted to challenge an INS program composed of a series of practices designed "to achieve expedited mass deportation of Haitian nationals irrespective of the merits of an individual Haitian's asylum application and without regard to the constitutional, treaty, statutory and administrative rights of the plaintiff class." ).

### 2. TYPICALITY

In order to satisfy the "typicality" prerequisite of Rule 23(a), plaintiffs must show that the "claims or defenses of the representative parties are typical of the claims or defenses of the class." Fed.R.Civ.P. 23(a)(3). The central inquiry in determining whether a proposed class has "typicality" is whether the "class representative [is] part of the class and 'possess[es] the same interest and suffer[s] the same injury' as the class members." *East Texas Motor Freight Sys.v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (quoting *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929, 41 L.Ed.2d 706 (1974)). When ascertaining whether typicality exists, the district court is "to focus on whether the named representative's claims have the same essential characteristics as the claims of the class at large." *Appleyard v. Wallace*, 754 F.2d 955, 958 (11th Cir.1985). A sufficient nexus is established if the claims or defenses of the class and the class representatives arise from the same event or pattern or practice and are based on the same legal theory. *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984). Moreover, the typicality requirement may be satisfied even if there are

8

factual distinctions between the claims of the named plaintiff and other class members, unless the factual position of the representative markedly differs from that of other members of the class. *Id.*

The named plaintiffs' claims against the INS defendants are typical of the claims of all proposed class members in that all plaintiffs applied for a medical waiver of the English and Civics requirements but were subjected to the allegedly illegal practices of INS. Since the named plaintiffs' claims arise from the same conduct that gives rise to the claims of the class members, the claims of the named plaintiffs are based on the same legal theory as the class members. All share a common goal in seeking to have the INS practices declared illegal. Furthermore, the relief sought by the named plaintiffs is compatible with the relief sought by the class. *Kernan v. Holiday Universal, Inc.,* The interests of the named plaintiffs are not antagonistic to the interests of the class. For these reasons, the named plaintiffs' claims are typical of the claims of the class, and the typicality requirement is met. *Hoxworth v. Blinder, Robinson & Co.,* 980 F.2d 912, 923 (3rd Cir. 1992).

Accordingly, the plaintiffs have satisfied the requirements of Rule 23(a).

## B. CERTIFICATION UNDER RULE 23(b)(2).

In addition to the requirements of Rule 23(a) of the Federal Rules of Civil Procedure, plaintiffs must show that their action falls within one of the three categories of class suits described in subsection (b). Plaintiffs assert that they have satisfied Rule 23 (b)(2) which applies where the parties "opposing the class ha[ve] acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive or corresponding declaratory relief with respect to the class as a whole." Plaintiffs here are seeking final injunctive relief or corresponding declaratory relief. Consequently, they are seeking the type of relief for which (b)(2) was intended. Moreover,

9

defendants have acted on grounds "generally applicable to the class as a whole" in that all the plaintiffs were denied the waivers based on the same, allegedly illegal, policies and practices. It is solely to challenge these policies and procedures that the plaintiffs have brought this action and are seeking classwide declaratory and injunctive relief. *See Pettway v. American Cast Iron Pipe Co.*, 494 F.2d 211, 257 (5th Cir. 1974). Accordingly, the plaintiffs have also satisfied the requirements subsection (b)(2).

## II. CONCLUSION

For the foregoing reasons, the court finds that the proposed class meets the requisites of Rule 23(a) and (b) (2) of the Federal Rules of Civil Procedure. Plaintiffs motion to certify this case as a class action is granted.

DONE AND ORDERED in Chambers at Miami, Florida, this 24 day of February, 1999.

ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

copies provided:

JoNel Newman, Esq.
Florida Justice Institute, Inc.
2870 First Union Financial Center
200 South Biscayne Blvd.
Miami, FL 33131

Charles F. Elsesser, Jr. Esq.
Florida Legal Services, Inc.
3000 Biscayne Blvd. Suite 450
Miami, FL 33137

Lisette Losada, Esq.
Florida Immigrant Advocacy Center
3000 Biscayne Blvd.
suite 400
Miami, FL 33137

Dexter Lee, Esq.
Office of U.S. Attorney
99 NE 4th St.
Miami, FL 33131

Alice E. Loughran
Office of Immigration Litigation
U.S. Dept of Justice
PO Box 878
Ben Franklin Station,
Washington, DC, 20044