UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

AMPARO CAMPOS, et al.,           )
                                 )     Case No.  98-2231 CIV-GOLD
         Plaintiffs,             )     Magistrate Judge Turnoff
                                 )
    vs.                          )
                                 )     **NOTICE OF SETTLEMENT**
IMMIGRATION AND NATURALIZATION   )     **AGREEMENT IN CLASS**
SERVICE, et al.,                 )     **ACTION CASE**
                                 )
         Defendants.             )
_____)

**This notice may affect your rights.**
**Please read carefully.**

TO:   All persons currently residing within the Miami District of the Immigration and
      Naturalization Service who applied for naturalization who have also had pending at any
      time since March 19, 1997, a form N-648 request for a medical waiver of either or both
      of: 1) the English language; and 2) U.S. history and government requirements, and
      whose request for a waiver has been rejected by the INS and who have not been
      naturalized.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, you are hereby notified that:

1.  This case is pending in the United States District Court for the Southern District of Florida.
The Court has certified a class of persons who are considered the plaintiffs in the case.  The class
of plaintiffs consists of:   All persons within the Miami District of the Immigration and
Naturalization Service who have properly applied, or will apply in the future, for naturalization
under 8 U.S.C. § 1445 who have also had pending at any time since March 19, 1997, a request
for a waiver of either or both of the naturalization requirements that they demonstrate an
understanding of the English language and that they demonstrate a knowledge and understanding
of the fundamentals of the history, and of the principles and form of government of the United
States, because of a medically determinable physical or mental impairment and whose request for
waiver is now pending, will be filed in the future, or has been rejected by the INS, and excluding
from the class anyone who has been naturalized.

2.  The plaintiffs' Complaint claims that INS's administration of the medical waiver process and
denial of plaintiffs' N-648 requests for a medical waiver of the requirement to demonstrate
knowledge of basic English and the fundamentals of United States history and government
("Civics") due to a physical or developmental disability or mental impairment violate the
rulemaking provisions of the Administrative Procedures Act, 5 U.S.C. § 553, the Freedom of

Information Act, 5 U.S.C. § 552(a)(2), the Due Process Clause of the Fifth Amendment, § 504 of the Rehabilitation Act, 29 U.S.C. § 794, the Immigration and Nationality Act, 8 U.S.C. § 1423(b)(1), its implementing regulations, 8 C.F.R. §§ 312.1, 312.2, and implementing guidelines, and the Administrative Procedures Act, 5 U.S.C. § 701, et seq.

3. The Court has not ruled on the merits of plaintiffs' claims or on the denials and other defenses made by the defendants.

4. This notice is given to advise you that a Settlement Agreement has been proposed in this case. If you are a member of the above class, you will be bound by the Settlement Agreement if it is approved by the Court.

5. The proposed Settlement Agreement provides that:

A. The INS will reevaluate the N-648 medical waiver requests of naturalization applicants who submitted N-648 medical waiver requests and had such requests rejected by INS between March 19, 1997 and December 30, 1998, and whose naturalization applications were denied or whose cases were closed based on: (i) failure to demonstrate knowledge of basic English and/or U.S. history and civics; (ii) failure to prosecute the naturalization application after having had at least one N-648 medical waiver request rejected; or (iii) both of the above, provided that the applicants have not filed an action under 8 USC § 1421(c) in District Court or relocated outside the Miami INS District.

B. If the INS determines that the N-648 medical waiver request(s) in the applicant's A-file is/are sufficient, it will reopen the applicant's case if necessary and accept the medical waiver. The applicant will not have to reapply for naturalization and will then proceed to the next step in the naturalization process.

C. If the INS determines that the N-648 medical waiver request(s) in the applicant's A-file is/are not sufficient, or if the applicant's A-file cannot be located, the INS will contact the applicant via certified mail and provide the applicant an opportunity to submit a new N-648 medical waiver request within 120 days. (Persons whose A-files cannot be located may be required to submit additional naturalization documents, such as an N-400 form). If this new N-648 request is considered sufficient by the INS, the applicant will then proceed to the next step in the naturalization process. If this new request is not considered sufficient, the applicant will be given another opportunity to submit a second or amended N-648 within 60 days, with a notice telling the applicant what is wrong with the N-648 that was rejected. If the applicant submits another N-648 medical waiver request and the request is accepted, the applicant will then proceed to the next step in the naturalization process. If the request is not sufficient, the applicant will receive a new written decision within 120 days denying the naturalization application, which will include the basis for the rejection of the second or amended N-648.

D.  The INS will provide a telephone number that applicants can call to report a change of address and to find out if they are entitled to have their file reviewed under this agreement.

E.  The INS may release information regarding an applicant's current address, A-number, and other identifying information to counsel representing class members affected by the Settlement Agreement.  Applicants will be provided an opportunity to refuse to approve such release of their identifying information.

6.  You may read the pleadings, the proposed Settlement Agreement and other papers filed in this case at the Office of the Clerk, United States District Court, Southern District of Florida, 301 N. Miami Avenue, Miami, Florida 33128, between the hours of 9:00 a.m. and 4:00 p.m. Monday through Friday.

7.  If you have questions about this notice you should send the questions in writing to any of the following attorneys, who represent the plaintiffs in this case:

| JoNel Newman, Esq. | Charles Elsesser, Esq. | Joan Friedland, Esq. |
|---|---|---|
| Florida Justice Institute, Inc. | Florida Legal Services, Inc. | Florida Immigrant Advocacy |
| 200 S. Biscayne Blvd. | 3000 Biscayne Blvd. | Center, Inc. |
| Suite 2870 | Suite 450 | 3000 Biscayne Blvd., Suite 400 |
| Miami, FL  33131-2309 | Miami, FL 33137 | Miami, FL 33137 |

8.  If you wish to object to the Settlement Agreement, you must send your objection by the *30TH* day of _July_, 1999 to:

Clerk of the Court
United States District Court
Southern District of Florida
301 N. Miami Avenue
Miami, Florida 33128

You should also send a copy of any objection you send to the Clerk to at least one of the plaintiffs' counsel listed above.  You should put the name of the case (Campos v. INS), and the docket number (Case No. 98-2231 CIV-GOLD) on all correspondence to plaintiffs' counsel and the Clerk of the Court.  If you do not follow this instruction, your letter may not be placed in the correct file.

Dated:  this 22 day of _June_, 1999.  by Deputy: _____ Joe Consay

Carlos Juenke, Clerk of the Court

Certified to be a true and correct copy of the original.
Carlos Juenke. Clerk
U.S. District Court
Southern District of Florida
By _____
Date 6-22-99 Deputy Clerk

3