UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**CLOSED CIVIL CASE**

AMPARO CAMPOS, et al., )
)
Plaintiffs, )        Case No.  98-2231 CIV-GOLD
)        Magistrate Judge Turnoff
vs. )
)        ORDER APPROVING STIPULATED
IMMIGRATION AND )        SETTLEMENT AGREEMENT
NATURALIZATION SERVICE, et al., )
)
Defendants. )
_____)

**FILED by** _____ **D.C.**
AUG 0 6 1999
CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. · MIAMI

THIS MATTER is before the Court on the parties' filing of their Joint Motion for

Approval of Stipulated Settlement Agreement and proposed Order Approving Stipulated

Settlement Agreement.  The Court previously certified this matter as a class action on

February 25, 1999.  Pursuant to the Court's Mediation Order in this case, the parties

commenced mediation on March 8, 1999.  On June 15, 1999, the parties notified the Court

that, subject to Court approval, they had reached an amicable resolution of the controversy

and presented for Court approval the Stipulated Settlement Agreement presently before the

Court.  On June 22, 1999, the Court ordered notice of the proposed settlement to the class,

requiring that any objections to the proposed settlement be filed with the Court by July 30,

1999.  The Court further scheduled a Settlement Fairness Hearing to be held on August 6,

1999.

Having carefully examined the Stipulated Settlement Agreement, the record in this

action, the opinion of class counsel, and any comments or objections concerning the proposed

Stipulated Settlement Agreement received, and following the Settlement Fairness Hearing, the

Court finds as follows:

142A

1.    <u>The Underlying Litigation</u>

The plaintiffs  AMPARO CAMPOS, HECTOR CORELLA, ANGELA RODRIGUEZ, JOSEFINA  LOPEZ, JUANA QUINTERO, SOFIA PARDO  and AURA CONSUEGRA filed the Class Action Complaint in this matter on September 22, 1998.   The complaint alleged that the actions of the defendants in processing medical waiver requests violated plaintiffs' rights under the Immigration and Nationality Act and implementing regulations, specifically, 8 U.S.C. § 1423(b)(1), 8 C.F.R. §§ 312.1 and 312.2, provisions of the Administrative Procedures Act and the Freedom of Information Act,  5 U.S.C. § 701 et seq., 5 U.S.C. § 552, 5 U.S.C. §553, 5 U.S.C. § 555(e) and the Fifth Amendment to the United States Constitution. Plaintiffs brought this action on their own behalf and on behalf of all others similarly situated, pursuant to Federal Rules of Civil Procedure, Rule 23(a) and (b)(2).  Plaintiffs requested declaratory and injunctive relief.

On December 9, 1998 this Court denied defendants' Motion to Dismiss the Complaint. On February 24, 1999, this Court certified a plaintiff class consisting of:

> All persons within the Miami District of the Immigration and  Naturalization Service who have properly applied, or will apply in the future, for naturalization under 8 U.S.C. § 1445 who have also had pending at any time since March 19, 1997, a request for a waiver of either or both of the naturalization requirements that they demonstrate an understanding of the English language and that they demonstrate a knowledge and understanding of the fundamentals of the history, and of the principles and form of government of the United States, because of a medically determinable physical or mental impairment and whose request for waiver is now pending, will be filed in the future, or has been rejected by the INS, and excluding from the class anyone who has been naturalized.

On December 31, 1998 Defendants filed an Answer to the Complaint denying the allegations and raising numerous affirmative defenses.  Plaintiffs and defendants have filed cross Motions for Summary Judgment which were pending at the time the parties informed

2

the Court of their Stipulated Settlement Agreement.

2.      The Provisions of the Stipulated Settlement Agreement

        The Stipulated Settlement Agreement provides for the following:

        A.  Policy Clarification. The Stipulated Settlement Agreement ("the Agreement")
recognizes and attaches a Policy Memorandum of defendants, dated April 7, 1999, entitled
Section 312 Disability Naturalization Adjudications Policy Memorandum No. 47.  The
provisions of that Policy Memorandum addressed many of the issues raised in this action.
Specifically, the Policy Memorandum clarifies that "an individual with a disease or disability
that is related to, associated with, or caused by old age (e.g. Alzheimer's, Parkinson's disease,
senile dementia, etc.) can qualify for a disability exception" (Policy Memo., p.6) and further
that "depression" should be treated like any other disease or disability and evaluated based on
the standard under section 312.  In addition, the Policy Memorandum introduced new
procedures providing for increased  notification to persons whose medical waiver requests
were denied as to the bases for their denial.

        B.  Notification and Readjudication.  Within certain time periods set out in the ("the
Agreement"), defendants have also agreed to reprocess, under the terms of the new Policy
Memorandum No. 47,  the medical waiver requests of class members whose requests had been
considered and rejected by the defendants prior to December 30, 1998.[1]  The Agreement
provides that the reprocessed medical waiver requests will be granted if they are determined
sufficient under the new policy memorandum's standards.  Moreover, if they are not granted

---

        [1]      This summary is for discussion purposes only and recognizes that the Stipulated
Settlement Agreement contains conditions and limitations not set forth here.

the naturalization applicant will be notified by certified mail and will be given an additional two opportunities to submit medical waivers conforming to the new standard. In addition to the certified mail notification, the defendants have agreed to establish a dedicated phone line for 120 days after the final mailing for the purpose of providing a change of address and ascertaining whether the caller is entitled to review under the Agreement.

C. Outreach and Training. The defendants further agree to provide notice of the settlement by publication and also through outreach to community based organizations with which defendants regularly communicate. Defendants will provide copies of the Agreement and training on its implementation to District Adjudications Officers and supervisory personnel with responsibilities for implementing the Agreement.

D. Monitoring and Dispute Resolution. The Agreement provides for regular reporting by defendants to plaintiffs' counsel and a comprehensive system of dispute resolution.

3.     The Fairness of the Settlement Agreement

Although Fed.R.Civ.P. 23 provides no guidance for courts considering proposed settlements, Bennet v. Behring, 737 F.2d 982 (11th Cir. 1984), the Eleventh Circuit has established guidelines governing the approval of class actions. The Stipulated Settlement Agreement should be approved if "[the settlement is] fair, adequate, reasonable and not the product of collusion." Leverso v. Southtrust Bank of Alabama, N.A., 18 F.3d 1527, 1530 (11th Cir. 1994).

The Eleventh Circuit has identified a number of factors that the trial court should consider in approving the settlement:

1.     The probability of Plaintiffs' success on the merits:

4

2.      The range of possible recovery;

3.      The point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable;

4.      The complexity, expense and likely duration of the litigation;

5.      The substance and amount of opposition to the settlement; and

6.      The stage of the proceedings and the amount of discovery completed.

Bennet, supra; Leverso, supra.  Most important among these factors are the range of possible recovery, the likelihood of success on the merits and whether the settlement is " reasonable in light of these determinations."  In re Corrugated Container Antitrust Litigation, 643 F.2d 195, 217 (5th Cir. 1981).  See also, Parker v. Anderson, 667 F.2d 1204 (5th Cir. ), cert. denied. 459 U.S. 828 (1982).

**The likelihood of success at trial, the range of possible recovery, and the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable.**  On October 16, 1998, in granting plaintiffs' Motion for Preliminary Injunction, this Court previously found that plaintiffs had demonstrated a "substantial likelihood of success" on the merits of at least some of their claims.  Moreover, in support of their Motion for Class Certification plaintiffs introduced substantial deposition testimony which suggests that at least some of defendants' personnel in the Miami District Office were rejecting medical waivers on the ground that the alleged disability was depression or a condition related to advanced age.  Indeed the Stipulated Settlement Agreement, signed by both parties, recognizes at p.3 § B that "the INS Miami District Office rejected some requests for medical waivers...on the ground that the alleged disability was depression or a condition related to

5

advanced age."

On the other hand, this Court also recognizes that while plaintiffs may have initially identified some challengeable practices, defendants subsequently clarified and changed their procedures in the April 7, 1999 memorandum, which defendants have represented to this Court was part of an ongoing nationwide review of the medical waiver process. This memorandum obviated many of the concerns of the plaintiffs. Moreover, defendants had, prior to April 7, 1999, represented to this Court that defendants were in the process of developing a reprocessing procedure, and claimed that the action had become moot, depriving this Court of jurisdiction.

Considering the Court's previously expressed opinion regarding the likelihood of plaintiffs success on the merits and defendants' expressed intentions to reprocess applications for medical waivers, the Court considers it reasonable that the parties would reach an agreed settlement at this point. Moreover the Agreement represents a resolution well within the range of possible recovery at which a settlement is fair, adequate and reasonable. Plaintiffs have asserted no claim for monetary damages. Their claims were based solely on requests for declaratory and injunctive relief. Plaintiffs' complaint essentially requested this Court to order defendants to cease using what plaintiffs claimed were "secret" standards, to publish the standards being used, to reprocess the claims of applicants denied under the then existing procedures and to provide increased notice to those applicants denied as to the reasons for their denial. All of those results have been substantially accomplished in this Agreement, either directly or through the attached Policy Memorandum No. 47.

The relief provided by the Stipulated Settlement Agreement is comprehensive and

6

specific, largely incorporating the relief originally requested by the plaintiffs in detail, as well as specific requirements for defendants' naturalization processing procedures as to the affected class.  The Court may rely on the opinions of class counsel about the agreement's fairness and adequacy.  <u>Cotton v. Hinton</u>, 559 F.2d 1326, 1330 (5th Cir. 1977).  Here, class counsel is of the opinion that the relief provided by the Stipulated Settlement Agreement is fair and adequate.   As plaintiffs' counsel notes, the relief provided is more specific and more readily achievable than the type of relief this Court could order after trial, since defendants' personnel who will be responsible for implementing the relief have had input into the practicalities of crafting the remedy.

In light of the scope of the remedy provided to the plaintiff class, as well as the plaintiffs' likelihood of success, the Court finds that the proposed agreement is fair, reasonable and adequate.

**The complexity, expense and duration of the litigation.**  There is no doubt that this case presents complex legal and factual issues requiring significant time to resolve.  The affidavit of class counsel attests to the extraordinarily high costs involved in the litigation. Continuing to litigate this case to judgment on the merits would involve significant expenditures of both time and money by all parties to this litigation.  These factors weigh particularly heavily in favor of settlement in this case since defendants have already prospectively modified their policy to accommodate plaintiffs' concerns.

**The substance and amount of opposition to the settlement.**  There has been no significant opposition to the settlement.  As set forth above, in approving a settlement agreement the Court may rely on the opinions of class counsel, although such opinions must

7

be weighed against any objections which may be received from class members, <u>Holmes v. Continental Can Co.</u>, 706 F.2d 1144, 1149 (11th Cir. 1983). Where, as here, there have been no substantive objections and plaintiffs' counsel strongly endorse the agreement, this Court should give class counsel's opinion considerable weight.

**The state of proceedings and the amount of discovery completed.** In this case, as can be readily ascertained from review of the record and as attested in the affidavit of class counsel, the parties completed an enormous amount of discovery. Both plaintiffs and defendants conducted numerous depositions of key witnesses and received and reviewed extensive documents through the discovery process. Indeed, prior to informing the Court that they had reached an agreement in this case, both sides had sought summary judgment. Thus, in negotiating the Agreement which is now before the Court, each party was well-informed as to the relevant facts. <u>See</u> <u>Behrens v. Wometco Enterprises, Inc.</u>, 118 F.R.D. 534, 544 (S.D. Fla. 1988) (Settlement reached after several months of discovery and motions for summary judgment had been filed indicates that the parties "were in an excellent position to evaluate their chances of success [and] were in the best position to judge the merits of the compromise."). Nor was there fraud or collusion behind the settlement of this lawsuit, as evidenced by both the extensive discovery and motion practice that preceded the Agreement, as well as the extraordinarily lengthy and detailed bargaining sessions held by the parties with the active participation of the Court's mediator prior to reaching agreement. <u>See</u> Affidavit of Class Counsel.

In light of the foregoing, this Court finds that the class interest is adequately protected, the proposed Agreement is fair and reasonable, and that the Agreement should be approved.

It is hereby

ORDERED AND ADJUDGED that the Stipulated Settlement Agreement is APPROVED.

DONE AND ORDERED in Miami, Florida this 6 day of _____, 1999.

_____
HON. ALAN S. GOLD
UNITED STATES DISTRICT JUDGE

cc:    JoNel Newman, Esq.
        Joan Friedland, Esq.
        Charles F. Elsesser, Jr., Esq.
        Dexter A. Lee, Esq.
        Linda S. Wernery, Esq.